Judy M. Iriye, Bar No. 10569
jiriye@littler.com
Kate S.M. Pitzak, Bar No. 8589
kpitzak@littler.com
LITTLER MENDELSON, P.C.
500 Ala Moana Boulevard
Suite 7400, PMB #404
Honolulu, Hawaii 96813
Telephone: 808.650.6064
Facsimile: 213.652.1884

Attorneys For Defendants
LITHIA MOTORS, INC.  AND
LITHIA OF HONOLULU-V, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREI RUS,<br><br>     Plaintiff,<br><br>v.<br><br>LITHIA MOTORS, an Oregon corporation; and LITHIA OF HONOLULU-V, LLC, a Hawai'i limited liability company,<br><br>     Defendants. | Civil No.<br><br>**DEFENDANTS LITHIA MOTORS, INC. AND LITHIA OF HONOLULU-V, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT** |

PLEASE TAKE NOTICE that Defendants LITHIA MOTORS, INC. and LITHIA OF HONOLULU-V, LLC (referred to herein as "Defendants") hereby remove the above-captioned action from the Circuit Court of the First Circuit of the State of Hawaii to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1.      As set forth more fully below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

2.      Plaintiff ANDREI RUS ("Plaintiff") filed this action in the Circuit Court for the First Circuit, State of Hawaii, alleging acts and omissions occurring in the State of Hawaii. Venue properly lies in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 91, 1391, and 1441(a).

## PLEADINGS, PROCESS AND ORDERS

3.      On or about February 11, 2025, Plaintiff commenced this action by filing a complaint in the Circuit Court for the First Circuit, State of Hawaii, entitled "*ANDREI RUS, Plaintiff, v. LITHIA MOTORS, INC. an Oregon corporation; and LITHIA OF HONOLULU-V, LLC, a Hawai'i limited liability company Defendants.*" (herein referred to as the "Complaint"). *See* Declaration of Kate S.M. Pitzak ("Pitzak

2

Decl."), ¶3, Exhibit A. The Complaint asserts causes of action for: (1) Whistleblower Retaliation HRS § 378-62; (2) Wrongful Termination in Violation of Public Policy (3) Unpaid Wages and Commissions (HRS Chapter 388); (4) Failure to Maintain a Safe and Lawful Workplace; and (5) Negligence. *Id.*

4.      Plaintiff caused the Summons and Complaint to be served on Defendants on March 6, 2026.  Pitzak Decl., ¶¶ 4.  A true and correct copy of all pleadings, process, and orders that have been served upon Defendants as of this date, consisting of the Complaint are attached as Exhibit "A" to Pitzak Decl., ¶ 3.

## DIVERSITY OF CITIZENSHIP

5.      As set forth below, there is complete diversity of citizenship between the parties.

6.      For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff alleges that, at all relevant times, he is a resident of the State of Hawaii. Compl., ¶ 8. Plaintiff's residence is *prima facie* evidence of domicile.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship). A person's domicile is the place she resides with the intention to remain or to which he intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Moreover, during her employment with Defendants, which began in approximately

3

July 2024 and ended with his termination on October 7, 2024, Defendants are informed and believe that Plaintiff resided continuously in the State of Hawaii. Compl., ¶ 8; Declaration of Edward Impert ("Impert Decl."), ¶ 7.

7.     For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Further, for diversity jurisdiction purposes, a Limited Liability Corporation (LLC) is deemed a citizen of the state(s) in which the LCC's members are citizens. An LLC shares the citizenships of all of its owners/members.  *Handa v. Honda Aircraft Co., LLC*, 2022 U.S. Dist. LEXIS 74549, *8-9 (D. Hawaii, 2022); *CIT Bank, N.A. v. Jade McGaff, M.D., LLC*, 2021 U.S. District LEXIS 46218, (D. Hawaii, 2021) (*citing Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")).

8.     Defendant Lithia Motors, Inc. is an Oregon Corporation with its principal place of business in the State of Oregon. Impert Decl., ¶ 4. Defendant Lithia Motors, Inc. does business throughout the country, including in Hawaii.  However, Hawaii is not the location of its principal place of business.  Defendant Lithia Motor, Inc.'s headquarters, including its principal, executive, and administrative offices, are located in Oregon and have been since before Plaintiff filed her Complaint. Impert Decl., ¶ 4.

9.     Defendant Lithia Motor, Inc.'s senior leaders are residents of the State of Oregon.  None of the Company's officers is a resident of the State of Hawaii. Impert Decl., ¶ 4.

10.     Defendant Lithia Honolulu-V is an LLC, and its only "member" is and has been Lithia Motors, Inc., an Oregon corporation.  Impert Decl., ¶¶ 4, 5; Compl. ¶4.

11.     Defendant Lithia Motors, Inc.'s principal place of business is in Oregon. *See* Impert Decl., ¶ 4. Thus, Defendant Litha Motors, Inc. is a citizen of Oregon and not Hawaii, for the purposes of diversity jurisdiction.  And since the only member of the LLC defendants is Oregon corporation Lithia Motors, Inc., the LLCs are also citizens of Oregon for purposes of diversity jurisdiction.

## AMOUNT IN CONTROVERSY

12.     Plaintiff's Complaint does not specify the amount he seeks to recover in this action. Consequently, Defendants need only establish by a preponderance of the evidence that the amount in controversy exceeds the statutory requirement in order to support a removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Perez v. Baxter Healthcare Corp.*, 2012 U.S. Dist. LEXIS 160051 (C.D. Cal. 2012).

13.     Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice

of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

14.     In measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (*citing Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint))

15.     If the complaint does not clearly establish the jurisdictional amount, then the Court may consider facts in the removal petition. *Singer,* 116 F.3d at 377; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.")

16.     In this case, the allegations of the Complaint make clear that the

damages Plaintiff seeks exceed $75,000. Plaintiff seeks: (1) lost wages and commissions; (2) physical discomfort and health impacts; (3) emotional distress; (4) reputational harm; (5) statutory penalties; (6) punitive damages; and (7) "further legal relief as provided under HRS Chapter 368 and 378; Exh. A, Compl., Section VI and VII.

17.     At the time of Plaintiff's termination around October 7, 2024, he earned an average monthly wage of around $10,000.00 including incentive. Impert Decl., ¶ 6. If Plaintiff were to recover back wages from October 7, 2024 to the present, he potentially could recover back wages totaling approximately $170,000 ($10,000.00/month x 17 months.). Moreover, if the case proceeds to trial in March 2027 – approximately one year from when Defendants were served – he may be seeking a total of about 29 months of lost wages, or approximately $290,000.00.

18.     The prayer for relief in Plaintiff's Complaint includes "general damages," or emotional distress damages. While it is difficult to estimate a potential award for emotional distress damages, such awards in retaliation cases may surpass $75,000 by themselves, separate from other damages also awarded. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2013), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost

wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Thus, based on *Kroske* and other employment cases, the emotional distress component of Plaintiff's claims could amount to at least $25,000, if not more.

19.   In addition to the damages described above, Plaintiff also specifically seeks punitive damages, which must be considered in determining whether the amount in controversy exceeds $75,000. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). If Plaintiff were to establish liability for punitive damages, the award of such damages will likely exceed $75,000.

20.   Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Thus, Defendants have abundantly carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

21.   For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendants to this Court pursuant to 28 U.S.C. § 1441 based on diversity

jurisdiction.

22. Defendants do not concede Plaintiff's allegations are true, that his claims have any merit, that all of the above categories of damages are available, or that the foregoing represents an appropriate method for calculating damages. Defendants provide the foregoing only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, plainly exceeds the $75,000 jurisdictional requirement.

**TIMELINESS OF REMOVAL**

23. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period runs from the service of the summons and complaint; mere receipt of summons and complaint without service is insufficient to trigger removal period).

24. Plaintiff caused the Summons and Complaint to be served on Defendants on March 6, 2026. Pitzak Decl., ¶ 4. Defendants have therefore filed this Notice of Removal within 30 days of service of the Summons and Complaint on Defendants, and this Notice of Removal is timely.

**NOTICE TO PLAINTIFF AND STATE COURT**

25. Contemporaneously with the filing of this Notice of Removal in the

9

United States District Court for the District of Hawaii, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court for the First Circuit, State of Hawaii.

WHEREFORE, Defendants LITHIA MOTORS, INC. and LITHIA OF HONOLULU-V, LLC hereby respectfully requests that this action be removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii and that the action proceed herein.

Dated:  March 24, 2026                    LITTLER MENDELSON, P.C.


                                          */s/ Kate S.M. Pitzak*
                                          Judy M. Iriye
                                          Kate S.M. Pitzak

                                          Attorneys for Defendants
                                          LITHIA MOTORS, INC. and
                                          LITHIA OF HONOLULU-V, LLC