IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREI RUS,<br><br>Plaintiff,<br><br>v.<br><br>LITHIA MOTORS, INC., ET AL.,<br><br>Defendants. | CIV. NO. 26-00136 JMS-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, ECF NO. 52 |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, ECF NO. 52**

## I. INTRODUCTION

In May 2026, pro se Plaintiff Andrei Rus ("Plaintiff") brought claims against Lithia Motors, Inc.; Lithia of Honolulu-V, LLC; and L253, LLC ("Defendants") for unpaid compensation and wrongful termination from his employment at Defendants' Honolulu dealership. *E.g.*, ECF No. 22. The court permitted: (1) discovery on the disputed issue of formation of the arbitration agreement; and (2) post-discovery supplemental briefing ("post-discovery briefs"). ECF No. 41. On September 18, 2026, after the parties conducted further discovery and filed their post-discovery briefs, the court granted Defendants' motion to compel arbitration and stayed proceedings pending arbitration. ECF No. 51 ("September 18 Order").

Before the court is Plaintiff's "Motion for Reconsideration Under LR 60.1(c) of the Formation Ruling in ECF No. 51; Request to Accept Clarifying Declaration and Hold Arbitration in Abeyance." ECF No. 52 ("Motion for Reconsideration"). For the following reasons, Plaintiff's Motion is DENIED.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored." D. Haw. Local Rule ("LR") 60.1. Under the Local Rules, such a motion "may not repeat arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request." *Id*. Those grounds are: "(a) [d]iscovery of new material facts not previously available; (b) [i]ntervening change in law; and/or (c) [m]anifest error of law or fact." *Id*.; *see also Sierra Club, Haw. Chapter v. City & Cnty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("Local Rule 60.1 explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.").

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters. Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations, emphasis, and internal

quotation marks omitted); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Yonemoto v. McDonald*, 2015 WL 12711230, at *1 (D. Haw. Apr. 23, 2015) (internal quotation marks and citations omitted).

"Mere disagreement with a previous order is an insufficient basis for reconsideration[,]" and "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (quoting *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

## III. DISCUSSION

Plaintiff's Motion for Reconsideration does not present a sufficient basis to justify the requested "extraordinary remedy." *Est. of Bishop*, 229 F.3d at 890 (citation omitted).

Plaintiff first appears to argue that the court wrongly determined in its September 18 Order that Plaintiff recalled signing the arbitration agreement. *See*

ECF No. 41 at PageID.321–323. But the court made no such finding. Instead, the September 18 Order states that Plaintiff "concedes that he signed the Lithia & Driveway Binding Arbitration Agreement," but that he only remembers a minimal onboarding presentation. ECF No. 51 at PageID.311. This statement was based on Plaintiff's post-discovery brief, in which he states: "Plaintiff acknowledges signing electronically. His recollection concerns a minimal onboarding presentation." ECF No. 47 at PageID.298. Any claim by Plaintiff that the court stated or otherwise determined that Plaintiff recalled signing the arbitration agreement is a misreading of the September 18 Order.

Further, Plaintiff's lack of recall that he signed the arbitration agreement as part of the onboarding process is not relevant to the court's consideration. "Not recalling [signing an arbitration agreement] is not evidence that the event did not occur, and courts have consistently rejected the notion that an employee's failure to recall signing an agreement establishes lack of an agreement." *Gonzalez v. Peak Calif. Rest. Grp., LLC*, 831 F. Supp. 3d 871, 879 (N.D. Cal. 2026) (collecting cases); *see also Jaffey v. Del Taco Rests., Inc.*, 2018 WL 3997261, at *2 (D. Nev. Aug. 21, 2018) (finding alleged lack of recall "insufficient to refute the existence of a signed arbitration agreement"); *Fed. Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002), *as amended on denial of reh'g* (Jan. 30, 2003) (stating that "failure to remember and lack of

knowledge are not sufficient to create a genuine dispute" of material fact in relation to a summary judgment motion). Instead, as the court explained in its September 18 Order, "mutual assent or a meeting of the minds" is "determined by an objective standard, where '[a] party's words or acts are judged under a standard of reasonableness in determining whether he has manifested an objective intention to agree.'" ECF No. 51 at PageID.311 (quoting *Pac. Com. Servs., LLC v. LVI Env't Servs., Inc.*, 2017 WL 2817883, at *4 (D. Haw. June 26, 2017) (citation omitted)). And the court determined that Defendants offered sufficient evidence demonstrating that no genuine issue of material fact existed as to formation. *See id.* at PageID.314 (citing Haw. Rev. Stat. § 489E-9(b)).

Next, Plaintiff argues that the audit trail provided by Defendants lacked details about his electronic viewing of the arbitration agreement. He alleges that "[t]he audit report does not state which page was displayed, what text was visible, whether all three pages were traversed, how long any page remained visible, or whether the arbitration heading and court-and-jury waiver appeared before the electronic act[,]" and that the audit report was not expressly titled "Lithia & Driveway Binding Arbitration Agreement." ECF No. 52 at PageID.324–325. Regardless of these claims, the September 18 Order referenced the Rummer declaration, which described in detail how and when Plaintiff signed the arbitration agreement. *See* ECF No. 51 at PageID.311–314. And in any event, the court was

well aware of the audit trail when it ordered the dispute into arbitration. *See id.* at PageID.312–314 (setting forth the audit trail, including specific times).[1] Finally, to the extent Plaintiff argues that he signed the arbitration agreement without reading it, that was his choice. *See Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 79 (2d Cir. 2017) ("While it may be the case that many users will not bother reading the additional terms, that is the choice the user makes . . . ."); *Courbat v. Dahana Ranch, Inc.*, 111 Haw. 254, 264, 141 P.3d 427, 437 (2006) ("The general rule of contract law is that one who assents to a contract is bound by it and cannot complain that he has not read it or did not know what it contained.") (quoting *Leong v. Kaiser Found. Hosps.*, 71 Haw. 240, 245, 788 P.2d 164, 168 (1990)).

Last, Plaintiff claims that he could not open "the large TitanFile [discovery] production" of August 24, 2026. ECF No. 52 at PageID.326. This is an issue that Plaintiff could have "raised earlier in the litigation[,]" but failed to do so. *Est. of Bishop*, 229 F.3d at 890; *see also Haw. Stevedores, Inc.*, 363 F. Supp. 2d at 1269. Reconsideration is, therefore, unwarranted.

\\\

\\\

\\\

---

[1] The September 18 Order sets forth the audit trail timeline, including that Plaintiff began viewing the onboarding documents on June 24, 2024, at 5:17:24 and e-signed the documents at 5:18:04. ECF No. 51 at PageID.314.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Reconsideration, ECF No. 52, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 2, 2026.

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge